UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:15-cr-00028-JMS-DKL-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| RODERICK WALKER | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:15-cr-00028-JMS-DKL |
| ) | |
| RODERICK WALKER, ) -01 | |
| ) | |
| Defendant. ) | |

**ORDER**

Defendant Roderick Walker seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). Dkt. 44. For the reasons explained below, Mr. Walker's motion is **denied**.

**I. Background**

In 2015, Mr. Walker pled guilty to one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d) (count 2), and one count of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (count 14). Dkts. 34, 35. In exchange for pleading guilty to those counts, two other counts of armed bank robbery, nine counts of interference with commerce by robbery, and two other counts of brandishing a firearm during a crime of violence, were dismissed against Mr. Walker. Dkts. 1, 21. The Court sentenced Mr. Walker to 63 months of imprisonment on count 2, and 84 months of imprisonment on count 14, to be served consecutively for a total of 147 months of imprisonment. Dkt. 35. The Court also imposed a 3-year term of supervised release.

Mr. Walker filed his motion for compassionate release pro se. Dkt. 44. In his submission, Mr. Walker argues that he establishes extraordinary and compelling reasons for compassionate release because he is at risk of severe illness should he contract COVID-19 due to his underlying medical conditions (high blood pressure and borderline diabetes) and because he is African-American. Mr.

2

Walker also argues that he has substantially rehabilitated himself while in prison. The Court has concluded that it does not require a response from the United States to resolve Mr. Walker's motion.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Walker's first reason for requesting a sentence reduction—the risk to his physical health presented by COVID-19, particularly in light of his medical conditions and race—is not an extraordinary and compelling reason to release him, either alone or in combination with any other reason. "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. Walker has not stated whether he is vaccinated. If he is not fully vaccinated, *Broadfield* precludes relief as Mr. Walker has presented no evidence that he is unable to receive or benefit from the vaccine. *Id.* If he is fully vaccinated, Mr. Walker still must

3

show that he is unable to benefit from the vaccine, which he has failed to do.[1] Additionally, Mr. Walker "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically, he has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022); *United States v. Hoskins*, No. 21-2912, 2022 WL 2187558, at *1 (7th Cir. June 16, 2022) (emphasizing that a defendant needs individualized evidence of why, despite his vaccination, his medical risks are extraordinary compared to the general population). The BOP also reports that, as of January 31, 2023, only 1 inmate and no staff members at Mr. Walker's current facility (FCI Terre Haute) have active cases of COVID-19. https://www.bop.gov/coronavirus/ (last visited Jan. 31, 2023). For these reasons, Mr. Walker has not carried his burden to show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A). *Barbee*, 25 F.4th at 533.

That leaves Mr. Walker with one potentially extraordinary and compelling reason for a sentence reduction—his rehabilitation. While the strides Mr. Walker has made in prison are admirable, rehabilitation alone cannot be an extraordinary and compelling reason to reduce his sentence. *See United States v. Peoples*, 41 F.4th 837 (7th Cir. 2022) ("We cannot read § 3582(c) to permit good prison conduct and rehabilitation alone to override Congress's determinate sentencing scheme… rehabilitation cannot serve as a stand-alone reason for compassionate release") (cleaned

---

[1] To the extent that Mr. Walker intended to argue that vaccination does not prevent infection due to the everchanging variants of COVID-19 that continue to emerge, that argument is unpersuasive. Dkt. 44 at 3. While it may be true that some vaccinated individuals are nevertheless contracting COVID-19 due to variants, the vaccines still provide significant protection against severe illness, which is the Court's focus in a compassionate release motion. *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited Jan. 31, 2023) ("COVID-19 vaccines used in the United States continue to protect against severe disease, hospitalization, and death from known circulating variants. They may not be as effective in preventing *infection* from these variants") (emphasis added).

up); *see also* 28 U.S.C. § 994(t). The Court does not find that Mr. Walker's rehabilitation, whether considered alone or in conjunction with any other reason, is an extraordinary and compelling reason to grant him compassionate release.

Given the determination that Mr. Walker has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release. Even if he had made such a showing, however, the Court would nevertheless find that Mr. Walker is not entitled to compassionate release because the § 3553 factors do not weigh in his favor.[2] Weighing in his favor, Mr. Walker represents that he has not had any disciplinary infractions while incarcerated and has completed many classes and certifications. Dkt. 44 at 4. He currently has a job in the prison safety department and has held several prominent positions in prison programs. If released, he will have family support and employment. Weighing against him, Mr. Walker's crimes were extremely serious. His criminal history is lengthy and includes several felony robbery and theft convictions. Dkt. 27. He also has a prior federal conviction for being a felon in possession of a firearm for which he served 3 years of imprisonment. He thereafter violated his supervised release and was returned to BOP custody for an additional year. Finally, Mr. Walker is not set to be released from custody until June 2025, thus releasing him now would be a significant windfall.

---

[2] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

In light of these considerations, the Court finds that releasing Mr. Walker early would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

### III. Conclusion

For the reasons stated above, Mr. Walker's motion for compassionate release, dkt. [44], is **denied.**

**IT IS SO ORDERED.**

Date: 2/21/2023

*[signature]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Roderick Walker
Reg. No. 08302-028
FCI Terre Haute
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN  47808